UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| FUNERARIA DEL NOROESTE INC., | |
| Plaintiff, | Civil No. 11-1595 (JAF) |
| v. | |
| FUNERARIA SAN ANTONIO, INC., et al., | |
| Defendants. | |

**OPINION AND ORDER**

On July 27, 2012, we entered an Opinion and Order, (Docket No. 94), dismissing Plaintiffs' complaint in its entirety. In our Opinion, we granted two motions to dismiss, (Docket Nos. 25; 27), filed by "Movants." We noted that "Movants" did not include every person entity named as a defendant in the complaint.[1] (Docket No. 94 at 1 n.1.) Still, we dismissed Plaintiffs' federal claims with prejudice, and their commonwealth claims without prejudice, as to all defendants. (Docket No. 94 at 20.)

Plaintiffs then filed two motions to alter or amend judgment. (Docket Nos. 96; 101.) One motion, which Plaintiffs title a "Motion for Reconsideration," (Docket No. 101), we

---

[1] In our Opinion and Order, (Docket No. 94 at 1 n.1), we noted that Movants included codefendants Luis A. Muñoz-Martínez, Exmildo Echevarría-Delgado, Maribel Riollanos-Ramos, Isabel Valle-Tavarez, José E. Mercado-Santiago, Melissa Escalera-Acosta, Wilson Sánchez-Juarbe, Melissa Pérez, and Israel Colón-Mercado in their personal capacities, as well as codefendant José Antonio Torres. (Docket Nos. 25; 35.) Movants included every police officer named as a codefendant in the complaint, with the exception of Reinaldo Cortez-Salas. Also not included among Movants were codefendants José Figueroa-Sancha, former Superintendent of the Puerto Rico Police Department; the Municipality of Isabela; the mayor of Isabela, Carlos Delgado-Altieri; or the Funeraria San Antonio and its owners, Luis Iván Rosario, his spouse Aida Vanessa López, and their conjugal partnership. It is these non-moving codefendants that Plaintiffs now say should not have been dismissed from the complaint. (Docket No. 96.)

Civil No. 11-1595 (JAF)                                                                                              -2-

address first below.[2]  The second motion we address below is titled a "Motion Requesting Correction." (Docket No. 96.)  Several codefendants oppose the "Motion Requesting Correction."  (Docket Nos. 97; 98; 99.)  For the following reasons, we deny both of Plaintiffs' motions.

### I.

### Factual Synopsis

Plaintiffs bring their motions pursuant to Fed. R. Civ. P. 59(3).  (Docket Nos. 96; 101.)  In this circuit, "a motion asking 'the court to modify its earlier disposition of a case because of an allegedly erroneous legal result is brought under [Rule] 59(e)'" of the Federal Rules of Civil Procedure.  Cahoon v. Shelton, 647 F.3d 18, 29 (1st Cir. 2011) (quoting In re Sun Pipe Line Co., 831 F.2d 22, 24 (1st Cir. 1987)).  First Circuit case law "generally offer[s] three grounds for a valid Rule 59(e) motion: An 'intervening change' in the controlling law, a clear legal error, or newly-discovered evidence."[3] Soto-Padró v. Pub. Bldgs. Auth., 675 F.3d 1, 11 (1st Cir. 2012) (quoting Morán Vega v. Cruz Burgos, 537 F.3d 14, 18 (1st Cir. 2008)).

**A.    Plaintiffs' Motion for Reconsideration**

Plaintiffs' "Motion for Reconsideration," (Docket No. 101), does not come close to meeting any of the valid grounds for relief of a Rule 59(e) motion.  Soto-Padró, 675 F.3d at

---

[2] This "Motion for Reconsideration," (Docket No. 101), is opposed by several codefendant police officers. (Docket Nos. 102; 104.)

[3] The First Circuit has also mentioned prevention of "manifest injustice" as another narrow ground for granting a Rule 59(e) motion.  Marie v. Allied Home Mortg. Corp., 402 F.3d 1, 7 n.2 (1st Cir. 2005) (citing 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1 (2d ed. 1995)).

Civil No. 11-1595 (JAF)                                                                                            -3-

11. Instead, Plaintiffs' motion simply protests various portions of our earlier Opinion and Order. For the reasons laid out below, we reject each of Plaintiffs' arguments.

First, Plaintiffs argue that they properly alleged two protected property interests: The right to conduct their business without interference, and the right to have their pre-arranged contracts honored. (Docket No. 101 at 5-6.) Plaintiffs also challenge our finding that the codefendants' alleged conduct does not rise to the level of conscience-shocking. (Id. at 6.) But, Plaintiffs do not even cite to any law or new evidence in support of these arguments. (Id.) Instead, Plaintiffs simply refer back to their amended complaint. (Id.) This is plainly inadequate; we have already considered, and rejected, those arguments. (Docket No. 94 at 9-12.) We remind Plaintiffs that "a party cannot use a Rule 59(e) motion to rehash arguments previously rejected or to raise ones that could, and should, have been made before judgment issued." Soto-Padró, 675 F.3d at 11 (internal quotation marks and citations omitted).

Next, Plaintiffs challenge our dismissal of their equal protection claim. (Docket No. 101 at 7-9.) Plaintiffs argue that because Funeraria del Noroeste and Funeraria San Antonio are similarly situated in many respects, it was error for us to dismiss Plaintiffs' claim. (Id. at 7-8.) This argument fails on at least two levels. First, Plaintiffs cannot use their Rule 59 motion to allege facts that should have been included in their complaint. Crawford v. Clarke, 578 F.3d 39, 44 (1st Cir. 2009) ("Rule 59(e) 'does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment.'") (quoting Aybar v. Crispin Reyes, 118 F.3d 10, 16

Civil No. 11-1595 (JAF) -4-

(1st Cir. 1997)).  Second, Plaintiffs' motion seemingly ignores the relevant portion of our earlier Opinion and Order, in which we noted important differences between the two funeral homes in this case.  (Docket No. 94 at 13.)  There, we also held that a viable equal protection claim would require the homes to be "<u>similarly situated in all relevant aspects</u>." (<u>Id.</u>) (quoting <u>Buchanan v. Maine</u>, 469 F.3d 158, 178 (1st Cir. 2006)) (emphasis in original).

### B.     <u>Plaintiffs' Motion Requesting Correction</u>

In their other motion for reconsideration, titled "Motion Requesting Correction," (Docket No. 96), Plaintiffs argue that we should not have dismissed the complaint in its entirety, because several codefendants had not moved for dismissal.  (<u>Id.</u> at 2.)  Specifically, Plaintiffs argue that we should not have dismissed the complaint as to the following codefendants: Police officer Reinaldo Cortez-Salas; José Figueroa-Sancha, the former Superintendent of the Puerto Rico Police Department; the Municipality of Isabela; the mayor of Isabela, Carlos Delgado-Altieri; as well as the owners of Funeraria San Antonio, Luis Iván Rosario and Aida Vanessa López.  (Docket No. 96 at 2.)  Several codefendants oppose Plaintiffs' motion.  (Docket Nos. 97; 98; 99.)

We deny Plaintiffs' motion because, as we expressed in our original Opinion and Order, (Docket No. 94), the complaint fails to state a claim against any of the named defendants in this case.  The reasons we gave for dismissing Plaintiffs' claims—under the Fourth and Fourteenth Amendment; the Sherman Act, 15 U.S.C. § 1; and the Federal Wiretap Act, 18 U.S.C. § 2511—were based on the deficiency at the root of Plaintiffs'

Civil No. 11-1595 (JAF) -5-

claims, not on any individual characteristics of the Movants.[4] Because Plaintiffs failed to state a claim at all, the codefendants who did not move for dismissal are "in a similar (or better) posture than the responding defendants as to the allegations of the complaint."[5] Feliciano-Hernandez v. Pereira-Castillo, 663 F.3d 527, 537 n.5 (1st Cir. 2011). It was, therefore, within our power to dismiss the entire complaint against the non-moving codefendants. Id.

For the foregoing reasons, we hereby **DENY** Plaintiffs' motions requesting relief. (Docket Nos. 96; 101.)

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 29th day of October, 2012.

s/José Antonio Fusté
JOSE ANTONIO FUSTE
United States District Judge

---

[4] For example, Plaintiffs failed to allege a "protected liberty or property interest," see Bd. of Regents v. Roth, 408 U.S. 564, 569-70 (1972); failed to allege that they were similarly situated in all relevant aspects to their point of comparison, Buchanan, 469 F.3d at 178; failed to allege any state action that is "conscience-shocking," Cruz-Erazo v. Rivera-Montanez, 212 F.3d at 622, (1st Cir. 2000); failed to allege any nexus with interstate commerce, McLain v. Real Estate Bd., 444 U.S. 232, 242 (1980); and failed to allege that their communication was intercepted, see 18 U.S.C. § 2511. These deficiencies doom Plaintiffs' claims not only as to Movants, but to all the named defendants. (Docket No. 94.)

[5] Tellingly, Plaintiffs' motion requesting correction, (Docket No. 96), makes no substantive arguments for why these codefendants are liable. See Feliciano-Hernandez, 663 F.3d at 537 n.5 (noting that Plaintiffs had failed to show why defendants were liable in their motion for reconsideration).